FILED
SUPERIOR COURT
OF GUAM

2022 DEC 19 PM 1: 28

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0207-22 |
| vs. | DECISION AND ORDER |
| JOLEEN MARIE TOPASNA,<br><br>Defendant. | |

### INTRODUCTION

This matter is before the Honorable Vernon P. Perez on September 9, 2022, for hearing on Defendant **JOLEEN MARIE TOPASNA's** ("Defendant") Motion to Suppress. Present were Defendant with counsel, William B. Pole, and Assistant Attorney General Yusuke Haffeman-Udagawa on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

On April 14, 2022, Defendant was indicted with the following charges: (1) Theft of Property (As a Third Degree Felony); (2) Possession of a Schedule II Controlled Substance (As a Third Degree Felony); and (3) Assault (As a Misdemeanor). (Indictment, Apr. 14, 2022). The two third degree felony charges also have an attached Notice: Commission of a Felony While on Felony Release. *Id.* These charges stem from allegations occurring on two separate occasions. The assault and theft charges stem from an incident occurring on or about December 2, 2021, whereby Defendant allegedly shoved Camie Laurie Sholing against a wall, punched her in the

face, and stole her cell phone. (Decl. of Katherine Nepton, Magistrate's Compl., Apr. 5, 2022). The possession charge stems form the discovery of suspected methamphetamine during Guam Police Department's response to a traffic crash in Tamuning on or about April 4, 2022. *Id.*

On June 21, 2022, Defendant filed the instant motion, moving the Court to suppress physical evidence seized on April 4, 2022. On August 12, 2022, the Government filed its Opposition, and on August 17, 2022, Defendant filed her Reply.

On September 9, 2022, the Court heard sworn testimony from GPD Officer Aren Fabila ("Officer Fabila"). At the conclusion of the hearing, the Court gave the parties leave to file proposed findings of fact and conclusions of law. On September 23, 2022, Defendant filed her Proposed Findings of Fact and Conclusions of Law, and on October 19, 2022, the Government filed its Proposed Findings of Fact and Conclusions of Law.

At the Suppression Hearing, the Court ascertained the following facts:

1. Around 8:09 p.m., Officer Fabila arrived to the scene of an accident by the Archbishop Flores loop in Tumon. The accident appeared to be a head on collision where one of the vehicles veered off and went on to an oncoming lane and collided with another vehicle.

2. On his arrival, Officer Fabila checked on the occupants of one of the vehicles and waited for Guam Fire and Medics to conduct an injury check.

3. The sole occupant of the other vehicle, a pickup truck, was not present at the scene because she had been transported to Guam Memorial Hospital ("GMH") prior to Officer Fabila's arrival.

4. Officer Fabila testified that GPD tried to get in contact with the registered owner of the pickup truck. The registered owner ended up walking to the scene about an hour later and said the driver was his friend Joleen Topasna.

5. Prior to this, the only information Officer Fabila had about the driver was that her first name was Joleen. The officers who had been present with the medics indicated her first name was Joleen.

6. Officer Fabila was told Joleen was unconscious when she was transported to GMH. Officer Fabila was unaware if her person was searched for identification. Officer Fabila was never asked by an EMT to search for her driver's license.

7. Officer Fabila testified that he and Officer Sumagaysay both searched the vehicle looking for identification. Officer Fabila testified that identification is often found in items such as a backpack or wallet.

8. Officer Sumagaysay found a black shoulder bag in the front passenger seat. No identification was found in the black shoulder bag.

9. Officer Fabila found a backpack behind the driver's seat. In the backpack were scales and an empty baggie. While continuing to search, he found another bag that contained suspected methamphetamine. No identification was found in the backpack.

10. Officer Fabila testified that once he found the suspected methamphetamines, he stopped searching the vehicle. Officer Fabila then tested and secured the suspected methamphetamines.

11. At some point later on, GMH was called and told the name of the driver. Officer Fabila could not remember when exactly GPD provided GMH Defendant's identity.

## DISCUSSION

The Fourth Amendment to the U.S. Constitution "protects against unreasonable searches and seizures and is made applicable to Guam via section 1421(b)(c) of the Organic Act of Guam." *People v. Chargualaf*, 2001 Guam 1 ¶ 14 (internal citations omitted). "A search or seizure made without a warrant is presumed to be unreasonable. In the absence of a warrant, the police may lawfully conduct a search or seizure only if an exception to the warrant requirement applies." *Id.* "One exigency obviating the requirement of a warrant is the need to assist persons who are seriously injured or threatened with such injury. The need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency." *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006) (internal quotation marks omitted). "An action is reasonable under the Fourth Amendment, regardless of the individual officer's state of mind, as long as the circumstances, viewed *objectively*, justify the action. The

officer's subjective motivation is irrelevant." *Id.* at 404-05 (internal quotation marks and citations omitted) (alteration in original). "To determine whether a law enforcement officer faced an emergency that justified acting without a warrant, [the court] looks to the totality of circumstances." *Missouri v. McNeely*, 569 U.S. 141, 149 (2013) (citations omitted).

In this case, by the time Officer Fabila appeared on the scene of the accident, Defendant was not present as she had already been transported to GMH for medical treatment. Although Officer Fabila testified that Defendant was unconscious, he did not personally see her or respond to her. No testimony was provided by any officer or medical personnel who was present at the scene with Defendant as to how she was found in the vehicle and her medical status. No testimony was provided indicating that the EMTs requested GPD to search the vehicle for Defendant's identification or for any information regarding her medical history, nor was any testimony provided as to how the EMTs and/or GPD on the scene prior to Officer Fabila's arrival became aware of Defendant's first name. *See, e.g., United States v. Dunavan*, 485 F.2d 201 (6th Cir. 1973) (upholding search when driver was foaming at the mouth and unable to talk and officer was seeking information explaining nature of the defendant's condition and the best means of treating it); *Com. v. McCarthy*, 884 N.E.2d 991, 994 (Mass. App. 2008) (upholding search where officer "did not search the defendant's bag until the EMTs attempted to administer treatment to the defendant, noted that the defendant appeared to be suffering from a drug overdose, and asked [the officer] whether he knew what the defendant had taken."); *Evans v. State*, 364 So.2d 93 (Fla. Dist. Ct. App. 1978) (holding officer lawfully searched purse for medical information that would account for driver's condition of being unable to communicate in any way). Officer Fabila was also not able to testify as to whether or not Defendant's person had been searched for identification prior to the search of the vehicle. Therefore, based upon the information before the Court at this time, it cannot be said that GPD's action of searching the vehicle was reasonably tailored to their attempts to aid emergency medical personnel in rendering appropriate care and treatment to Defendant. *See Mincey v. Arizona*, 437 U.S. 385, 393 (1978) ("a warrantless search must be strictly circumscribed by the exigencies which justify its initiation.").

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the Motion to Suppress. Parties shall return for a Pre-Trial Conference on **December 20, 2022 at 9:30 a.m.**

**IT IS SO ORDERED** this 19TH day of December, 2022.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam